UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of                                                  101 West Lombard Street
**BENSON EVERETT LEGG**                       Baltimore, Maryland 21201
Chief Judge                                       410-962-0723

January 8, 2009

TO COUNSEL OF RECORD RE:      <u>Stuart v. Spherion Atlantic Enterprises, Inc.</u>
                                             Civil Action No. L-08-2729

Dear Counsel:

        A telephone conference call has been set for Tuesday, January 13 at 3:00 P.M. to discuss the appropriate schedule in this case.  Plaintiff's counsel is requested to initiate the call.

        Enclosed is a preliminary scheduling order with approximate dates for your information.  Please consult with one another before the call and be prepared to discuss:

1. Whether there is unanimous consent to proceed before a U.S. Magistrate Judge for all proceedings;

2. Whether you would like to participate in a settlement conference either before or after the completion of discovery;

3. Whether discovery of electronically stored information may be necessary;

4. Any changes to the dates in the preliminary scheduling order;

5. Whether you would like to defer any of the expert discovery until after summary judgment motions are resolved;

6. Whether the allocated deposition hours are sufficient, and

7. Setting a trial date on the Court's calendar and determining its likely duration.

        In addition, the preliminary scheduling order authorizes that initiation of discovery, and I want to be certain that counsel are aware of the obligations imposed upon them as part of the discovery process.  I urge counsel to review carefully, before the teleconference, the recent decision of Chief  Magistrate Judge Paul Grimm in the case of *Mancia, et al. v. Mayflower Textile Serv. Co., et al.*, No. 08-cv-00273-CCB, __F.R.D.__, 2008 W.L. 459175 (D. Md. Oct. 15, 2008).  The following is a link to the decision for your convenience:

      http://www.mdd.uscourts.gov/Opinions/Opinions/Mancia%20v.%20Mayflower_Opinion_10.15.08.pdf.

        If the scheduled teleconference should not proceed for any reason, the parties are instructed to submit a letter within three business days answering the above questions.  Thereafter, the parties shall adhere to the enclosed scheduling order until it is modified by this Court.

                                    Very truly yours,

                                      /s/

                                    Benson Everett Legg

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LAURA P. STUART | * | |
| Plaintiff(s) | * | |
| | | Civil Action No.  L-08-2729 |
| vs. | * | |
| SPHERION ATLANTIC ENTERPRISES | * | |
| | ****** | |
| Defendant(s) | | |

## SCHEDULING ORDER

This scheduling order is being entered pursuant to Local Rule 103.9.  Any inquiries concerning the schedule should be directed to my chambers, not to the Clerk's Office.   Any party who believes that any deadline set forth in this Scheduling Order is unreasonable may request in writing a modification of the Order or that a conference be held for the purpose of seeking a modification of the Order, and any such request must be made on or before the first date set forth in Paragraph I below.  Thereafter, **the schedule will not be changed except for good cause.**

This case is subject to electronic filing.  Please familiarize yourself with the procedures for electronic filing available at: www.mdd.uscourts.gov.  You must use the electronic filing system for filing documents with the Clerk and sending case related correspondence to chambers.  **When you electronically file a document that, including attachments, is 15 pages or longer, you also must provide a paper copy of the document and a paper copy of the notice of electronic filing.**  The paper copy should be sent to the Clerk's Office, not directly to my chambers.

## I.  DEADLINES

| | |
|---|---|
| Deadline for request for modification of initial Scheduling Order | January 15, 2009 |
| Joint request for early settlement/ADR conference (This request will not postpone | January 22, 2009 |

2

discovery unless otherwise ordered.)

| | |
|---|---|
| Report <u>re</u> deposition hours | January 22, 2009 |
| Initial report whether there is<br>unanimous consent to proceed before<br>a United States Magistrate Judge | January 22, 2009 |
| Deadline for conference re discovery<br>of electronically stored information.<br>(If either or both parties intend to take<br>such discovery, before the conference<br>counsel should review the Suggested<br>Protocol for Discovery of Electronically<br>Stored Information prepared by a<br>Joint bench/bar committee<br>published on the court's website.) | January 22, 2009 |
| Moving for joinder of<br>additional parties and<br>amendment of pleadings | February 23, 2009 |
| Plaintiff's Rule 26(a)(2)<br>disclosures <u>re</u> experts | March 9, 2009 |
| Defendant's Rule 26(a)(2)<br>disclosures <u>re</u> experts | April 8, 2009 |
| Plaintiff's rebuttal Rule 26(a)(2)<br>disclosures <u>re</u> experts | April 22, 2009 |
| Rule 26(e)(2) supplementation of<br>disclosures and responses | April 29, 2009 |
| <u>Discovery deadline;</u><br><u>submission of status report</u> | May 26, 2009 |
| Requests for admission | June 1, 2009 |
| <u>Dispositive pretrial</u><br><u>motions deadline</u> | June 22, 2009 |

## II.  DISCOVERY

Initial Disclosures

This is an action in which Fed. R. Civ. P. 26(a)(1) disclosures need not be made.

Discovery Conference

This action is exempted from the requirements of the first sentence of Fed. R. Civ. P. 26(d) and from Fed. R. Civ. P. 26(f).  However, you are encouraged to confer with one another immediately in order to: (a) identify the issue(s), (b) set a discovery plan, (c) determine if the case can be resolved before your clients incur further litigation expense, and (d) establish a cordial professional relationship among yourselves.

Procedure

All the provisions of Local Rule 104 apply, including the following:

a.      All discovery requests must be served in time to assure that they are answered before the discovery deadline.  An extension of the deadline will not be granted because of unanswered discovery requests.

b.      The existence of a discovery dispute as to one matter does not justify delay in taking any other discovery.  The filing of a motion to compel or a motion for a protective order will not result in a general extension of the discovery deadline.

c.      No discovery materials, including Rule 26(a)(1) and Rule 26(a)(2) disclosures, should be filed with the court.

d.      Motions to compel shall be filed in accordance with Local Rule 104.8 and applicable CM/ECF procedures.

e.      Please be familiar with the Discovery Guidelines of this Court which are Appendix A to the Local Rules.  Appendix D contains guidelines for form discovery requests and confidentiality orders that may be helpful to you.

Deposition Hours

Please confer with one another and report to me by correspondence within 14 days of the date of this order concerning the number of hours of depositions which you believe are appropriate.  If I have not heard from you by that date, each side shall be limited to 12 hours of depositions of fact witnesses (including parties).  (If you agree to another number of deposition hours and notify me of your agreement, you may consider your agreement approved unless you hear from me to the contrary within 10 days.)  If there are two or more parties on a particular

side, they must share the deposition time allotted to their side unless upon your request I otherwise rule.  Any colloquy engaged in by counsel shall be counted against his/her client's deposition time.

### III.  STATUS REPORT

The parties shall file on the day of the discovery deadline a status report covering the following matters:

a.      Whether discovery has been completed;

b.      Whether any motions are pending;

c.      Whether any party intends to file a dispositive pretrial motion;

d.      Whether the case is to be tried jury or non-jury and the anticipated length of trial;

e.      A certification that the parties have met to conduct serious settlement negotiations; and the date, time and place of the meeting and the names of all persons participating therein;

f.      Whether each party believes it would be helpful to refer this case to another judge of this court for a settlement or other ADR conference, either before or after the resolution of any dispositive pretrial motion;

g.      Whether all parties consent, pursuant to 28 U.S.C. § 636(c), to have a U.S. Magistrate Judge conduct any further proceedings in this case, either before or after the resolution of any dispositive pretrial motion, including trial (jury or non-jury) and entry of final judgment.

h.      Any other matter which you believe should be brought to the court's attention.

### IV.  DISPOSITIVE PRETRIAL MOTIONS

If more than one party intends to file a summary judgment motion, the provisions of Local Rule 105.2.c apply.

After motions and responses thereto have been filed, I will advise you if a hearing is to be scheduled.

### V.  STATUS AND PRETRIAL CONFERENCES

I will set a scheduling conference after the status report has been filed, unless that report indicates that one or more of you intends to file a dispositive pretrial motion.  In the latter event I

will not set a scheduling conference until after I have ruled upon the motion (or the dispositive pretrial motion deadline passes without the anticipated motion being filed).

At the scheduling conference:

a.      I will set a deadline for submitting the pretrial order, motions in limine, proposed voir dire questions and proposed jury instructions;

b.      I will set a pretrial conference date and a trial date; and

c.      I will ask you whether a settlement or other ADR conference with a judicial officer would be useful, and whether all parties would consent to trial (jury or non-jury) before a U.S. Magistrate Judge.  **Please confer with your client about these matters before the conference so that you are in a position to respond.**

## VI. ATTORNEYS' FEES

In any case where attorneys' fees may be sought by the prevailing party, counsel must be familiar with the provisions of Local Rule 109.2 and the Rules and Guidelines for Determining Lodestar Attorneys' Fees in Civil Rights and Discrimination Cases which are Appendix B to the Local Rules.

## VII.  COMPLIANCE WITH LOCAL RULES AND CM/ECF PROCEDURES

The court will demand compliance with the Local Rules and CM/ECF procedures.  If you need to obtain a copy of the Local Rules or the CM/ECF procedures, they are available on our website at www.mdd.uscourts.gov.

## VIII.  COMPLIANCE WITH PRIVACY PROTECTION RULE

Counsel are reminded that the Federal Rules of Civil Procedure were amended, effective December 1, 2007, with the addition of a new Rule 5.2 which has detailed requirements requiring the redaction of filings with this court that contain an individual's social security number, tax payer identification number, or birth date, the name of an individual known to be a minor, or a financial account number.  It is essential that counsel comply with this rule and with the revised version of the Judicial Conference Privacy Policy adopted in March 2008.  For further information on the Judicial Conference Privacy Policy see:
http://www.mdd.uscourts.gov/news/news/privacy_memo.pdf.

Date: _____          _____

United States Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of                                              101 West Lombard Street
**BENSON EVERETT LEGG**                                  Baltimore, Maryland 21201
Chief Judge                                              410-962-0723

RE:     INSTRUCTIONS ON DISCOVERY DISPUTE RESOLUTION

Dear Counsel:

I have adopted a policy with respect to discovery disagreements. This policy shall be followed **_before_** the filing of any discovery motions.

In the event of a discovery disagreement, counsel shall notify opposing counsel of their intent to contact my chambers to request a telephone conference. Counsel requesting such a conference shall check the availability of other counsel and then contact my chambers with suggested dates and times. After a date and time have been scheduled, it shall be the responsibility of counsel requesting the conference to arrange and initiate the conference call at the prescribed time. The conference call should take less than 30 minutes.

Counsel involved in the dispute shall e-file short letters (not more than two pages) setting forth their respective positions not later than 5 p.m. on the day prior to the scheduled telephone conference. Chambers will tape record the conference call.

I will do my best to resolve as many disputes as I can in this informal manner. If, however, I determine that the issues require the formal filing of a motion and briefing, I will so advise counsel.

In order for this informal discovery dispute policy to be successful, it is imperative that counsel exercise restraint. I do not have time to resolve each and every dispute that may arise during the course of discovery. I, however, recognize the great advantage the court can provide in quickly resolving many discovery issues.

Very truly yours,

/s/

Benson Everett Legg

U.S. District Court (Rev. 11/20/2008) - Scheduling Order,
No Trial Date, setting Dep. Hours